UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 16-52895

NEWT ESCOE,                                Chapter 13

              Debtor.                                Judge Thomas J. Tucker
_____/

**ORDER DECLINING TO ENTER PROPOSED STIPULATED ORDER
MODIFYING THE DEBTOR'S PLAN POST-CONFIRMATION**

      This Chapter 13 case is before the Court on the Debtor's proposed post-confirmation plan modification (the "Plan Modification"), which the Debtor has asked the Court to approve in a stipulation filed June 2, 2022, entitled "Stipulation for Entry of Order Modifying Plan Post-Confirmation" (Docket # 113, the "Stipulation").

      The Court cannot approve the Plan Modification, because it appears to contain a term that is contrary to law. The Plan Modification would modify the Debtor's confirmed 60-month plan, which expired in January 2022 at the latest, to provide, among other things, that the Debtor must "pay the $195.00 delinquency in plan payments" to the Trustee now. That provision in effect would make the plan exceed the 5-year maximum period in 11 U.S.C. § 1329(c),[1] and therefore is impermissible. *See, e.g., In re Cassini*, 614 B.R. 554, 556 (Bankr. E.D. Mich. 2020); *In re Powell*, 583 B.R. 695, 696 (Bankr. E.D. Mich. 2018); *In re Humes*, 579 B.R. 557, 567 (Bankr. D. Colo. 2018); *In re Jacobs*, 263 B.R. 39, 49-50 (Bankr. N.D.N.Y. 2001); *In re DeBerry*, 183 B.R. 716, 717-18 (Bankr. M.D.N.C. 1995); *In re Cutillo*, 181 B.R. 13, 16 (Bankr. N.D.N.Y. 1995); *but see Touroo v. Terry* (*In re Touroo*), No. 18-13365, 2019 WL 2590751 (E.D. Mich. June 25, 2019).[2]

---

[1] Section 1329(c) provides:

> A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, **but the court may not approve a period that expires after five years after such time.**

11 U.S.C. § 1329(c) (emphasis added).

[2] Although the decision of the United States District Court in the *Touroo* case is from this judicial district, and reversed a decision of the undersigned judge, the district court's decision in *Touroo* is not binding on this Court in cases other than the *Touroo* case itself, as a matter of *stare decisis*. *See First of America Bank v. Gaylor* (*In re Gaylor*), 123 B.R. 236, 241–243 (Bankr. E.D. Mich. 1991); *see also In re*

Such a provision would have been permissible under former Bankruptcy Code § 1329(d), which permitted modifications to extend a plan length to as long as 7 years. But that subsection of Bankruptcy Code § 1329 was repealed, effective March 27, 2022. Now the maximum length of a modified plan is the 5-year period described in 11 U.S.C. § 1329(c). *See In re Sykes*, No. 19-56454, 2022 WL 1011167, at *1 (Bankr. E.D. Mich. Mar. 30, 2022) (footnotes omitted); *In re Bohinski*, No. 16-47598, 2022 WL 1435605 (Bankr. E.D. Mich. April 25, 2022). The Debtor's proposed modified plan would exceed that maximum length, so the Court cannot approve it.

For these reasons, the Court must decline to enter the proposed stipulated order modifying the Debtor's plan post-confirmation, and instead must disapprove the Plan Modification.

IT IS ORDERED that the Court declines to approve the Stipulation (Docket # 113), and disapproves the Debtor's proposed Plan Modification.

**Signed on June 3, 2022**

/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

*James*, 489 B.R. 731, 745 (Bankr. E.D. Tenn. 2013); *In re Romano*, 350 B.R. 276, 277-81 (Bankr. E.D. La. 2005); *cf. In re Ulrich*, 517 B.R. 77, 87 (Bankr. E.D. Mich. 2014). This Court respectfully disagrees with the district court's decision in the *Touroo* case, and declines to follow it in other cases, including this case.